UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFRED LABOSSIERE,

                                        Plaintiff,

                -against-

MONTEFIORE HOSPITAL (MOUNT
VERNON), ET AL.,

                                        Defendants.

21-CV-10541 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated in Downstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs. He sues Montefiore Hospital, St. Luke's Hospital, Downstate Correctional Facility, two John/Jane Doe officers, two John/Jane Doe nurses, and two John/Jane doctors. By order dated December 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action regarding events that occurred at Montefiore Hospital, St. Luke's Hospital, and Downstate Correctional Facility (Downstate) between June 29, 2019, and

July 19, 2019. The following allegations are taken from the complaint. Plaintiff was "discharged from [the] Hospital without proper[] observation after s[u]rgery which resulted in [an] ER trip from Downstate Correctional Fac to St. Lukes for cath[e]ter drain of bla[dd]er of 700cc of urine and three en[em]a flush[es] while still shackled." (ECF 2, at 3.) After returning to Downstate, Plaintiff received two catheter drains a day for two days before getting a permanent catheter installed. The permanent catheter then "began to bleed and came out after a day causing pain and bleeding." (*Id.*) The night nurse did not "have proper gloves" to reinstall the catheter so Plaintiff had to "wait for the next shift" to have another permanent catheter installed. (*Id.*) Plaintiff further alleges that he "received inapprop[ria]te accusations" and "mal treatment," and that he was discharged from "Downstate Correction Medical without doctors con[s]ent." (*Id.*)

Plaintiff attaches a copy of an "inmate grievance complaint," which is difficult to understand, but it includes additional details about the allegations in the complaint. On July 3, 2019, Plaintiff told nurse "Tom" that he was having pain in his penis from the catheter. Tom responded that the pain was normal, and officer "'McMann' interjected explaining that [Plaintiff] may be attempting to show [his] Dick [which] would be considered disrespectful." (*Id.* at 8.)

When Plaintiff was at the ER at St. Luke's, hospital staff "pulled [his] pants down and performed a straight catheter drain of [his] bladder producing 700cc of urine," which Plaintiff maintains is "more than two times the normal limit." (*Id.*) Upon returning to "Downstate Correctional Facility hospital," Plaintiff was placed in an "isolation room" where he had "two painful straight catheter drains" of his bladder "by both male and female medical staff with male and female officers in full view of [Plaintiff's] private parts." (*Id.*)

On an unspecified date, Plaintiff awoke in pain and bleeding. A male nurse attempted to replace Plaintiff's catheter, but Plaintiff refused when he realized that the nurse was not wearing

sterile gloves. The nurse explained that he did not have the right size gloves. The next morning, a different nurse reinstalled the catheter. Plaintiff also alleges that the air-conditioning "never worked," causing him to "sit in excessive heat and repeatedly take showers to keep the surgical area clean from irritation from sweat." (*Id.* at 9.)

On July 14, 2019, officer Cook told Plaintiff that Plaintiff was being discharged, although Plaintiff believed he would remain in this hospital for at least another day. Plaintiff nevertheless "followed the officers['] orders and returned to [his] cell block." (*Id.*) The grievance is unclear, but Plaintiff appears to allege that officer Cook took Plaintiff back to the hospital later that night to get his medication, but because there was no medication for Plaintiff, "nurse 'Tom' appeared sneaking [t]o hand [Plaintiff] two pill bottles with [his] meds and told [Plaintiff] 'Good Luck.'" (*Id.*)

On July 15, 2019, Plaintiff saw physician's assistant Miss Yemi, who checked Plaintiff's file and told him that he was "discharged without doctor['s] con[s]ent." (*Id.* at 10.) Yemi further told Plaintiff that Plaintiff needed to see the original surgeon "ASAP" and that the "notes in the computer log [were] misleading." (*Id.*) Plaintiff saw the surgeon, Dr. Roth, on July 19, 2019, and Dr. Roth told Plaintiff that he "was not aware of [his] ER troubles after surg[e]ry" and that recovery would be 12 weeks. (*Id.*)

Plaintiff seeks $10 million in damages.

## DISCUSSION

Because Plaintiff alleges that correction officials failed to provide him with adequate medical care following his surgery, the Court construes Plaintiff's allegations as asserting a Section 1983 claim for inadequate medical care under the Eighth Amendment.[2] To state a claim

---

[2] To state a Section 1983 claim for inadequate medical care under the Eighth Amendment, a plaintiff must allege facts showing defendants were deliberately indifferent to the plaintiff's

under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.     Claims Against Downstate Correctional Facility

Plaintiff's claims against Downstate Correctional Facility must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Downstate Correctional Facility is not a "person" within the meaning of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of Section 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims against Downstate Correctional facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.     Personal Involvement of Doe Defendants

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

---

serious medical condition. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). The objective component requires that a prisoner "show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal quotation marks and citation omitted). The subjective component requires a prisoner to state facts showing that the medical professional possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996); *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the subjective component requires that the plaintiff show that a medical professional "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that the officer drew the inference).

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as defendants two John/Jane Doe doctors, two John/Jane Doe nurses, and two John/Jane Doe officers, but the complaint does not describe how each Doe defendant was personally involved in the events underlying Plaintiff's claims. The inmate grievance attached to the complaint includes allegations about identified individuals, such as nurse "Tom" and officer Cook, but it is unclear if the individuals identified in the grievance are the Doe defendants that Plaintiff seeks to sue. If these named individuals are the Doe defendants that Plaintiff seeks to sue, he should name them in the caption of his amended complaint and allege facts describing how each defendant was personally involved in the events giving rise to his claims. If the identified parties are not the Doe defendants Plaintiff seeks to sue, the amended complaint should list each individual Doe defendant in the caption. Plaintiff's statement of facts should include a description of each individual Doe defendant, and allege facts describing how each Doe defendant was personally involved in the events giving rise to his claims, and if known, the dates and times of each alleged incident.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))

Plaintiff is granted sixty days' leave to amend his complaint to reallege his inadequate medical care claim, name the individual defendants involved in the alleged deprivation of his rights, and if the identities are unknown, to provide more detailed information to aid in the identification of each Doe defendant.

First, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must reallege the facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's claims against Downstate Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-10541 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   January 3, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes   ☐ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
            ID#_____
            Current Institution_____
            Address_____
            _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                  Where Currently Employed _____
                  Address _____
                  _____

*Rev. 01/2010*                                          1

Defendant  No. 2    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant  No. 4    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5    Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.     In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.     Where in the institution did the events giving rise to your claim(s) occur?

_____

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.     Facts:_____

What
happened
to you?

_____

_____

_____

*Rev. 01/2010*                           2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

         Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
                _____

                _____

        2.      What was the result, if any?
                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
                _____
                _____
                _____
                _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.     If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px"><b>On these claims</b></div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid black; padding:4px"><b>On other claims</b></div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                    6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff       _____

Inmate Number              _____

Institution Address          _____

_____

_____

_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

*Rev. 01/2010*                              7