UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFRED LABOSSIERE,

                          Plaintiff,

              -against-

MONTEFIORE HOSPITAL (MOUNT
VERNON) POST SURGERY STAFF
JOHN/JANE DOE 6/29/19, ET AL.,

                        Defendants.

21-CV-10541 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

       Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs when he was incarcerated in Downstate Correctional Facility.[1]  By order dated December 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees – that is, *in forma pauperis* (IFP).[2]

## STANDARD OF REVIEW

       The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks

---

[1] By order dated January 3, 2022, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint that, among other things, alleges facts showing the direct and personal involvement of each defendant, including each John Doe defendant, in the events giving rise to Plaintiff's claims.  The Court received Plaintiff's amended complaint on February 11, 2022.  The amended complaint, (ECF No. 7), is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Claims Against Officer McMann

The Court dismisses Plaintiff's claims against Officer McMann. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Officer McMann was personally involved in the events underlying his claims. Plaintiff's Section 1983 claims against Officer McMann are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Service on Officers Cook and Coto**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that summonses and the complaint be served within

90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the amended complaint until the Court reviewed the amended complaint and

ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days

after the date summonses are issued.  If the amended complaint is not served within that time,

Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for

service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

failure to effect service automatically constitutes 'good cause' for an extension of time within the

meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Officers Cook and Coto through the

U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service

Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of

Court is further instructed to issue summonses and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

C.    *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify (1) "Tom," a nurse working at Downstate Correctional Facility on July 3, 2019; (2) the John/Jane Doe nurse working the 11 p.m. shift at Downstate Correctional Facility on June 29, 2019; (3) the Jane Doe nurse who installed Plaintiff's permanent catheter on July 3, 2019; (4) the Jane Doe Officer who accompanied Plaintiff to the St. Luke's Hospital Emergency Room; and (5) the Deputy Superintendent of Security at Downstate Correctional Facility.  It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities of the John or Jane Does whom Plaintiff seeks to sue here and the addresses where the defendants may be served.  The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John or Jane Doe defendants.  The second amended complaint will replace, not supplement, the prior complaints.  A second amended complaint form that Plaintiff should complete is attached to this order.  Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John or Jane Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**D.      Remaining Defendants**

Plaintiff does not make any allegations against the remaining the John Doe Defendants and does not supply sufficient information to permit the attorney for or agent of DOCCS to identify them.  The Court therefore declines, at this time, to issue a *Valentin* order seeking the identities of the following John Doe Defendants: (1) "Montefiore Hospital (Mount Vernon) post surgery staff John/Jane doe 6/29/19"; (2) "Downstate CF Doctor/PA Jane/John Doe"; and (3) "St. Lukes Hospital (New Berg) John/Jane Doe."

## CONCLUSION

The Court dismisses Plaintiff's claims against Officer McMann for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for Officers Cook and Coto, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Clerk of Court is further directed to mail a copy of this order and the complaint to the Attorney General of the State of New York at: 28 Liberty Street, New York, NY 10005. A "Second Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: 2/18/22
White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.      Officer Cook
        Downstate Correctional Facility
        121 Red Schoolhouse Road
        Fishkill, NY 12524

2.      Officer Coto
        Downstate Correctional Facility
        121 Red Schoolhouse Road
        Fishkill NY 12524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No
                (check one)

___ Civ. _____ (    )

**I.**   **Parties in this complaint:**

**A.**   List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff's      Name_____
                    ID#_____
                    Current Institution_____
                    Address_____
                    _____

**B.**   List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                        Where Currently Employed _____
                        Address _____
                        _____

*Rev. 01/2010*                                    1

Defendant No. 2      Name _____ Shield #_____

                     Where Currently Employed _____

                     Address _____

                     _____


Defendant No. 3      Name _____ Shield #_____

                     Where Currently Employed _____

                     Address _____

                     _____

<div style="border:1px solid black">Who did<br>what?</div>

Defendant No. 4      Name _____ Shield #_____

                     Where Currently Employed _____

                     Address _____

                     _____


Defendant No. 5      Name _____ Shield #_____

                     Where Currently Employed _____

                     Address _____

                     _____


**II.     Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.     In what institution did the events giving rise to your claim(s) occur?

       _____

       _____


B.     Where in the institution did the events giving rise to your claim(s) occur?

       _____


C.     What date and approximate time did the events giving rise to your claim(s) occur?

       _____

       _____

       _____


D.     Facts:_____

<div style="border:1px solid black">What<br>happened<br>to you?</div>

       _____

       _____

       _____

_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____

**Who else saw what happened?**

**III.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____

**IV.    Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____      No _____      Do Not Know _____

       If YES, which claim(s)?

       _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____      No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

       _____

       1.      Which claim(s) in this complaint did you grieve?

              _____

              _____

       2.      What was the result, if any?

              _____

              _____

       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

       _____

       _____

       _____

       _____

F.      If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:

              _____

              _____

              _____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you
    informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative
    remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that

you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                          5

_____
_____
_____
_____

**VI.    Previous lawsuits:**

<span style="border:1px solid;">On these claims</span>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<span style="border:1px solid;">On other claims</span>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____    3.    Docket or Index number _____

_____    4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                          6

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20__.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

*Rev. 01/2010*