UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFRED LABOSSIERE,

                                        Plaintiff,

                    -against-                                   21-CV-10541 (CS)

MONTEFIORE (MOUNT VERNON) POST                                  ORDER OF SERVICE
SURGERY STAFF JOHN/JANE DOE 6/28/19,
*et al.*,

                                        Defendants.

CATHY SEIBEL, United States District Judge:

        Plaintiff, who is currently incarcerated in Sing Sing Correctional Facility, brings this *pro*

*se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his

medical needs when he was incarcerated in Downstate Correctional Facility.[1] By order dated

December 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP).[2]

                                **STANDARD OF REVIEW**

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

---

[1] By order dated January 3, 2022, Chief Judge Laura Taylor Swain directed Plaintiff to file an amended complaint that, among other things, alleges facts showing the direct and personal involvement of each defendant, including each John Doe defendant, in the events giving rise to Plaintiff's claims. (ECF No. 5.)  The Court received Plaintiff's amended complaint on February 11, 2022. (ECF No. 7.)  By Order dated February 18, 2022, I directed service on two Defendants (Cook and Coto), dismissed one Defendant (McMann) and directed the Attorney General of the State of New York to identify five "Doe" Defendants. (ECF No. 9.)  The Attorney General responded to that Order, (ECF No. 18), and Plaintiff filed his Second Amended Complaint, (ECF No. 24 ("SAC")), on July 21, 2022.  The SAC is the operative Complaint.  I incorporate herein the legal principles set forth in my previous orders.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Claims Against McDonald, Stewart, Deguzman, Blue, McMann, Burnett and McGuiness

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).  A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.") (emphasis in original).  Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing possible wrongdoing on the part of Defendant McDonald.  He alleges only that she checked his condition and determined that he needed to go

to the hospital.  That does not begin to suggest that she was indifferent to Plaintiff's medical needs.  Plaintiff presents no facts at all regarding Defendants Stewart, Deguzman, Blue, or McMann.  Finally, he alleges only that Burnett or McGuiness were supervisors, not that they were personally involved in the events underlying his claims.

Plaintiff's Section 1983 claims against Defendants McDonald, Stewart, Deguzman, Blue, McMann, Burnett, and McGuinness are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Service on Officers Coto, Kenney, and Schupak**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP.  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the SAC until the Court reviewed the SAC and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the SAC is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

3

I previously ordered the Marshals to serve Defendants Cook and Coto, but the Marshals were unable to do so because the address they had was for Downstate Correctional Facility, which is now closed.  Pursuant to my Order on July 29, 2022, the Attorney General provided an updated location for service for Defendant Coto.  (ECF No. 26.)  Service is also required on Defendants Kenney and Schupak.  To permit service on those three Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.      Identification of Officer Cook**

For Officer Cook, the Attorney General provided two potential addresses, one for Officer D. Cook and another for Officer A. Cook, both of whom worked at Downstate Correctional Facility in 2019.  (ECF No. 26.)  Plaintiff is directed to identify which Officer Cook he wishes to sue by August 23, 2022.

**D.      Remaining Defendants**

As previously noted, (ECF No. 9), Plaintiff does not make any plausible allegations of constitutional violations against Defendant Montefiore Hospital (Mount Vernon) Post Surgery Staff John/Jane doe 6/28/19 ("Montefiore").  They are not public employees bound by the Constitution, and the SAC, while it describes medical complications, does not even plausibly allege malpractice on the part of any individual, let alone deliberate indifference to medical needs.  Accordingly, Defendant Montefiore is also dismissed.

4

**CONCLUSION**

The Court dismisses Plaintiff's claims against all Defendants except Kenney, Schupak, Coto, and Cook for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Defendants Kenney and Schupak,[3] complete the USM-285 forms with the addresses for Defendants Coto, Kenney, and Schupak, and deliver to the U.S. Marshals Service all documents necessary to effect service on Defendants Coto, Kenney, and Schupak.

The Clerk of Court is instructed further to send a copy of this order to the Attorney General of the State of New York at: 28 Liberty Street, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:    August 9, 2022
          White Plains, New York

_____
          CATHY SEIBEL
          United States District Judge

---

[3] A summons for Defendant Coto has already been issued.

## DEFENDANTS AND SERVICE ADDRESSES

1.    Officer Coto

     Fishkill Correctional Facility

     18 Strack Drive

     Beacon, NY 12508

2.    Tom Kenney

     Green Haven Correctional Facility

     594 Route 16

     Stormville, NY 12582

3.    Jacob Schupak

     Fishkill Correctional Facility

     18 Strack Drive

     Beacon, NY 12508